UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>CHARLES NELSON FINKEL,<br><br>Defendant. | **SEALED AFFIRMATION AND APPLICATION**<br><br>**22 Mag __** |

-------------------------------------x

VLADISLAV VAINBERG hereby affirms, under penalty of perjury and pursuant to Title 28, United States Code, Section 1746, as follows:

1. I am an Assistant United States Attorney in the office of Damian Williams, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government applies for an order of the Court (1) directing that filings and other docket entries in the above-captioned case be filed under seal, and that the case be captioned United States v. John Doe in the public docket, and (2) directing the limited unsealing of the Complaint in this case (the "Complaint") for the limited purpose of providing copies of the Indictment to CHARLES NELSON FINKEL, the defendant, and his counsel, and law enforcement and court personnel as are needed to effect the presentment and initial processing of the defendant.

2. On October 6, 2022, a sealed Complaint 22 Mag. 8103 (the "Complaint") was sworn out before the Honorable Magistrate Judge Gabriel W. Gorenstein and filed in the U.S. District Court for the Southern District of New York, charging CHARLES NELSON FINKEL, the defendant with four counts arising from a conspiracy to violate the Foreign Corrupt Practices Act and commit money laundering between approximately 2008 and 2016. The case has not yet

been designated to a district judge.

3. The Government anticipates that CHARLES NELSON FINKEL, the defendant, will appear in the United States District Court for the Southern District of New York, on or about October 17, 2022 to be presented on the Complaint.

4. CHARLES NELSON FINKEL, the defendant, and his counsel has pursued efforts to cooperate with the Government, including by providing the Government with information concerning the activities of associates who are under investigation for engaging in related criminal conduct. Certain co-conspirators, who have not yet been charged, reside abroad and have the ability to destroy evidence and flee prosecution if alerted to the fact of the Complaint and CHARLES NELSON FINKEL's ongoing cooperation with the Government.

5. The Government anticipates that the defendant will continue to provide information relevant to the Government's investigation. The Government further anticipates that, after further investigation, information provided by the defendant may be presented to a grand jury in this District for the purpose of obtaining an indictment against others, and further that subpoenas may be issued in the name of the grand jury for records pertaining to this investigation, including financial records relating to the targets.

6. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts, including grand jury investigations. See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that referred to a defendant's ongoing

cooperation); see also Fed. R. Crim. Pro. 49.1(d) and (e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. See United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005). Docketing this case under the pseudonym "John Doe," and sealing all filings in the case, is equivalent to making a sealed entry in the docket sheet.

7. Compelling law enforcement interests support an order directing that filings and other docket entries in this case be made under seal. This scheme involves millions of dollars of bribes paid to high-ranking foreign government officials. Although a portion of the scheme under investigation involving the defendant has been publicly charged by foreign authorities in Brazil, the fact of this U.S. investigation and the defendant's cooperation in it is not public. The defendant has expressed concern of the potential for intimidation of the defendant and his family if co-conspirators learn of the defendant's cooperation. The defendant has informed the Government of tangible threats he perceived historically from an individual in a position to direct physical violence. Multiple co-conspirators reside abroad and have not yet been apprehended. Premature exposure of the defendant's cooperation may cause co-conspirators to flee apprehension and prosecution. During the course of the scheme the defendant was known by his real name by his co-conspirators. Public exposure of his name as the defendant in this U.S. investigation would therefore likely jeopardize the defendant's ability to cooperate against those individuals and jeopardize the Government's investigation and prosecution of those individuals. An order sealing

filings and other docket entries in the above-captioned case would greatly reduce the risk that the defendant's ongoing cooperation with the Government will be exposed.

8. The defendant's cooperation (and the charges against him) will not be kept sealed indefinitely, however. The Government anticipates that, once his cooperation leads to the arrest and prosecution of the targets of this investigation, or otherwise concludes, or requires disclosure of the defendant's identity, the filings in this case may be unsealed, and the docket sheet could reflect the true caption of this case. At that time, the Government will move this Court for an order unsealing the filings of this case, and restoring the true caption of the case to the docket sheet.

9. Accordingly, the Government requests that filings and other docket entries in the above-captioned case, including this Affirmation and any order issued in connection with it, be filed under seal, and that the case be captioned United States v. John Doe in the public docket, until further order of the Court. Counsel for the defendant has consented to this application.

10. Finally, the Government, requests limited unsealing of the Complaint t in this case for the limited purpose of providing copies of the Indictment to CHARLES NELSON FINKEL, the defendant, and his counsel, and law enforcement and court personnel as are needed to effect the presentment and initial processing of the defendant.

Dated: New York, New York
October 16, 2022

/s/ Vlad Vainberg

VLADISLAV VAINBERG
Assistant United States Attorney
Southern District of New York
(212) 637-1029