UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES FINKEL,<br><br>Defendant. | **INFORMATION**<br><br>26 Cr.<br><br>26cr493 |

**COUNT ONE**
**(Conspiracy to Violate the Foreign Corrupt Practices Act)**

The United States Attorney charges:

Background

1. On or about December 18, 2008, the Casa da Moeda do Brasil (the "CMB"), a department or agency of the Brazilian government, entered into a five-year contract (the "2008 Contract") with a Brazilian subsidiary of Company-1 ("Subsidiary-1"), worth approximately $1.4 billion. Pursuant to the 2008 Contract, Subsidiary-1 pledged to implement and service a system to track and tax beverages for the Brazilian government called "SICOBE." The 2008 Contract was signed by, among others, CHARLES FINKEL, the defendant, on behalf of Subsidiary-1.

2. In or about 2009, a close relative of an official of the Receita Federal of Brazil ("RFB") who participated in the selection of Subsidiary-1 for the 2008 Contract ("Official-1") incorporated a company identified as a consulting company ("Consulting Company-1") for the benefit of Official-1.

Statutory Allegations

3. From at least in or around 2008 through at least in or around 2016, in the Southern District of New York and elsewhere, CHARLES FINKEL, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and

with each other to commit an offense against the United States, to wit, violating the Foreign Corrupt Practices Act, Title 15, United States Code, Section 78dd-2.

4. It was a part and an object of the conspiracy that CHARLES FINKEL, the defendant, being a domestic concern and an employee and agent of a domestic concern, and a stockholder thereof acting on behalf of such domestic concern, and others known and unknown, would and did make use of the mails and a means and instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offered, gave, promised to give, and authorized the giving of a thing of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be and had been offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (A)(i) influencing an act and decision of such foreign official in that foreign official's official capacity; (ii) inducing such foreign official to do and omit to do an act in violation of the lawful duty of such foreign official; and (iii) securing an improper advantage; and (B) inducing such foreign official to use that foreign official's influence with a foreign government instrumentality thereof to affect and influence an act and decision of such government and instrumentality, in order to assist FINKEL in obtaining and retaining business for and with, and directing business to, a person, in violation of Title 15, United States Code, Section 78dd-2, to wit, FINKEL agreed to pay and offer money and other things of value to foreign officials in Brazil, including an official of the Receita Federal of Brazil ("RFB") ("Official-1"), to obtain and retain business, secure an improper advantage, and direct business to a Swiss company (together with its subsidiaries and affiliates, "Company-1") and others, including while FINKEL worked for an affiliate of Company-1.

Overt Acts

5. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about June 12, 2009, FINKEL entered into a contract (the "Finkel Contract") in New York, New York, on behalf of a company ("Finkel Company-1") with Consulting Company-1, which provided, among other things, that Consulting Company-1 would provide purported consulting services to Finkel Company-1, and designated a specific financial institution headquartered in New York, New York ("Bank-1") to be used for payments from Finkel Company-1 to Consulting Company-1.

b. On or about December 4, 2009, Finkel Company-1 received a wire from Company-1 in the approximate amount of $2,373,789.46 with the payment detail "COMMISSION SICOBE+SCORPIOS." The wire was deposited to a bank account of Finkel Company-1 ("Finkel Company-1 Account") at Bank-1.

c. On or about December 7, 2009, Finkel Company-1 sent approximately $125,000 from Finkel Company-1 Account to Consulting Company-1.

d. On or about June 5, 2015, Finkel Company-1 Account received a wire from Company-1 in the amount of approximately $2,357,253.06.

e. On or about the same day, June 5, 2015, Finkel Company-1 Account sent approximately $177,000 to Consulting Company-1.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATIONS**

6. As a result of committing the offense alleged in Count One of this Information, CHARLES FINKEL, the defendant, shall forfeit to the United States, Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

LORINDA I. LARYEA
Chief
White Collar and Corporate Enforcement Section
Criminal Division
U.S. Department of Justice

JAMES M. McDONALD
United States Attorney